# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

Name of Debtor: **Aristeo Rodriguez**
**Esther Alcantar**

Case No.

Last four digits of Soc. Sec. No.: **xxx-xx-5595**
Last four digits of Soc. Sec. No.: **xxx-xx-0712**

## CHAPTER 13 PLAN

YOU WILL BE NOTIFIED OF THE DATE, TIME, AND LOCATION OF A HEARING TO CONFIRM THIS PLAN AND OF THE DEADLINE TO OBJECT TO ITS CONFIRMATION. IN THE ABSENCE OF A TIMELY WRITTEN OBJECTION, THE PLAN MAY BE CONFIRMED WITHOUT A HEARING. IT WILL BE EFFECTIVE UPON ITS CONFIRMATION.

### Section 1. Plan Payments and Commitment Period

**1.01  Monthly plan payments.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $ **170.00** from future earnings. This monthly plan payment is subject to adjustment pursuant to section 2.08(b)(4) below and it must be received by Trustee not later than the 25th day of each month beginning the month after the order for relief under chapter 13. The monthly plan payment includes all post-petition charges due on Class 1 secured claims and adequate protection payments due on Class 2 secured claims.

**1.02.  Other payments.** In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: ____.

**1.03.  Duration of payments.** The monthly plan payments will continue for **36** months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event shall monthly payments continue for more than 60 months.

### Section 2. Claims and Expenses

A. Proofs of Claim

**2.01.** With the exception of the payments required by sections 2.02, 2.03, 2.11, and 3.01, a claim will not be paid pursuant to this plan unless a timely proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**2.02.** Monthly contract installments and other charges falling due after the filing of the case shall be paid to Class 1 and 4 claim holders and to the nondebtor party to assumed executory contracts/unexpired leases whether or not the plan is confirmed or proofs of claim have been filed.

**2.03.** Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

**2.04.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, or lien avoidance motion affects the amount or classification of the claim.

B. Administrative Expenses

**2.05.  Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments on Class 4 claims.

**2.06.  Debtor's attorney's fees.** Debtor's attorney of record was paid $ **883.00** prior to the filing of the case. Subject to prior court approval, additional fees of $ **3,117.00** shall be paid through this plan. Debtors' attorney will seek

the court's approval by [*choose one*]: ☒ complying with Local Bankruptcy Rule 2016-1(c); or ☐ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017.

**2.07.   Administrative expenses.** In accordance with sections 4.02 and 4.03 below, $**148.43** of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved additional attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

C. Secured Claims

**2.08.   Class 1 includes all delinquent secured claims that mature after the completion of this plan.**

**(a) Cure of arrears.** All arrears on Class 1 claims shall be paid in full by Trustee. The cure will be paid in the equal monthly installments specified in the table below as the "arrearage dividend."

**(1)** The cure shall include interest unless a "0%" rate is specified below. If the provision for interest is left blank, interest will accrue at the rate of 10%.

**(2)** The arrearage dividend must be applied by the Class I creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

**(b) Post-petition charges.** Trustee shall maintain all payments falling due after the filing of the case to the holder of each Class 1 claim.

**(1)** If Debtor makes a partial plan payment that is insufficient to satisfy such post-petition payments, distributions will be made in the order such claims are listed below.

**(2)** Trustee will not make a partial distribution on account of a post-petition payment.

**(3)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition payment, Debtor's cure of this default shall include any late charge.

**(4)** The automatic stay is modified to permit the holders of Class 1 claims to send statements, impound, and escrow notices, and notices concerning interest rate adjustments or the assessment of fees and costs to Debtor. However, Trustee will not make post-petition payment adjustments or pay post-petition fees, charges, or assessments until they are demanded in accordance with Fed. R. Bankr. P. 3002.1.

**(i)** If the holder of a Class 1 claim gives Debtor and Trustee notice of a payment change in accordance with Fed. R. Bankr. P. 3002.1(b), Debtor shall adjust the plan payment accordingly.

**(ii)** If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges in accordance with Fed. R. Bankr. P. 3002.1(c), Debtor shall modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

**(5)** Post-petition payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim were current and no arrearage existed on the date the case was filed.

**(c) No claim modification.** Each Class 1 creditor shall retain its lien. Other than to cure of any arrearage, this plan does not modify Class 1 claims.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears | Arrearage Dividend | Monthly Contract Installment Amount |
|---|---|---|---|---|
| -NONE- | | | | |
| | | | Totals: $0.00 | $0.00 |

**2.09.   Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.**

**(a) Payment of claim.** Trustee shall pay each Class 2 claim the equal monthly amount specified below as the monthly dividend. Subject to section 2.09(c), Class 2 claims will be paid in full. The payment of a Class 2 claim shall include interest unless a "0%" rate is specified below. If no rate is specified, a 10% rate will be imputed.

**(b) Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment if required by section 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with his customary month-end disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

**(c) Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, subject to the two limitations below, Debtor may reduce the claim to the value of the collateral securing it by filing, serving, setting for hearing, and prevailing on a motion to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of its collateral, the failure to move to value that collateral in conjunction with plan confirmation may result in the denial of confirmation.

(1) Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred within 1-year of the filing of the case and is secured by any other thing of value.

(2) Debtor is prohibited from modifying the rights of a holder of a claim secured only by a security interest in real property that is Debtor's principal residence.

**(d) Lien retention.** Each Class 2 creditor shall retain its existing lien until completion of the plan and, unless not required by Bankruptcy Court, entry of Debtor's discharge.

| Class 2 Creditor's Name and description of collateral | Purchase Money Security Interest personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| **A. Class 2 claims not reduced based on value of collateral** | | | | | |
| -NONE- | | | | | |
| **B. Class 2 claims reduced based on value of collateral** | | | | | |
| -NONE- | | | | | |
| **C. Class 2 claims reduced to $0 based on value of collateral** | | | | | |
| 1. BAC Home Loan Servicing / Rental Property: 8802 Highridge Dr., Bakersfield, CA 93313<br><br>1st DOT Due/Late:  1st / 16th<br>2nd DOT Due/Late: 1st / 16th | N | 26,588.00 | TO BE VALUED | 0.00% | TO BE VALUED |
| | | | | | Total **$0.00** |

**2.10.    Class 3 includes all secured claims satisfied by the surrender of collateral.** Upon confirmation of the plan, all bankruptcy stays are modified to allow a Class 3 secured claim holder to exercise its rights against its collateral.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| 1. **Chase Bank USA National Association  / 2008 Chevrolet Silverado Utility Truck<br>Under Joint Debtors name<br>Owner - Fernando Velasquez - Friend.<br>Chase Bank - Owes 1,000.** | 0.00 | N |

**2.11.    Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default, and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not the plan is confirmed. Upon confirmation of the plan, all bankruptcy stays are modified to allow the holder of a Class 4 secured claim to exercise its rights against its collateral and any nondebtor in the event of a default under applicable law or contract.

| | Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|---|
| 1. | BAC Home Loan Servicing  / Rental Property:<br>8802 Highridge Dr.,<br>Bakersfield, CA 93313<br><br>1st DOT Due/Late:   1st / 16th<br>2nd DOT Due/Late: 1st / 16th | 975.56 | Debtor |
| 2. | Ocwen Loan Servicing, LLC  / Residence:<br>4406 Crosshaven Ave.<br>Bakersfield, CA 93313<br><br>1st DOT Due/Late:   1st / 16th<br><br>Fair market value is based on comparables in the area. | 1,284.19 | Debtor |

**2.12.    Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan.** The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay.

D. Unsecured Claims

**2.13.    Class 5 consists of unsecured claims entitled to priority** pursuant to 11 U.S.C. § 507. These claims will be paid in full except to the extent the claim holder has agreed to accept less or 11 U.S.C. § 1322(a)(4) is applicable. When section 1322(a)(4) is applicable to a claim, the claim holder and the treatment of the claim shall be specified in the Additional Provisions. The failure to provide the foregoing treatment for a priority claim is a breach of this plan.

| Class 5 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| -NONE- | | |

**2.14.    Class 6 includes designated unsecured claims,** such as co-signed unsecured debts, that will be paid in full even though all other nonpriority unsecured claims may not be paid in full.

| Class 6 Creditor's Name | Reason for Special Treatment | Claim Amount |
|---|---|---|
| -NONE- | | |

**2.15.    Class 7 consists of all other unsecured claims** not listed as Class 5 or 6 claims. These claims will receive no less than a  **3** % dividend. These claims, including the under-collateralized portion of secured claims not entitled to priority, total $ **78,879.31**    .

### Section 3. Executory Contracts And Unexpired Leases

**3.01.**    Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Unless a different treatment is required by 11 U.S.C. § 365(b)(1) and is set out in the Additional Provisions, pre-petition arrears shall be paid in full. The monthly dividend payable on account of those arrears is specified in the table below.

**3.02.**    Any executory contract or unexpired lease not listed in the table below is rejected. Upon confirmation of the plan, all bankruptcy stays are modified to allow the nondebtor party to an unexpired lease to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor in the event of a default under applicable law or contract.

| Name of Other Party to Executory Contract/Unexpired Lease | Regular Payment | Pre-petition Arrears | Arrearage Dividend |
|---|---|---|---|
| -NONE- | | | |

| Name of Other Party to Executory Contract/Unexpired Lease | Regular Payment | Pre-petition Arrears | Arrearage Dividend |
|---|---|---|---|
|  |  | Total | $0.00 |

### Section 4. Payment of Claims and Order of Payment

**4.01.** After confirmation, payments to holders of allowed claims and approved expenses will be made monthly.

**4.02.** **Distribution of plan payment.** Debtor's monthly plan payment must total: **(a)** Trustee's fees; **(b)** post-petition payments due on Class 1 claims; **(c)** the monthly dividend specified in section 2.07 for administrative expenses; and **(d)** the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims and executory contract and unexpired lease arrearage claims. To the extent plan payments are not needed to pay the foregoing dividends, they shall be paid pro rata, first to Class 5 priority claims, second to Class 6 unsecured claims, and third to Class 7 unsecured claims. Over the plan's duration, these distributions must equal the total dividends required by sections 2.05, 2.07, 2.08, 2.09, 2.13, 2.14, and 2.15.

**4.03.** **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 2.07 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by section 1326(b)(3)B), and second to holders of approved administrative expenses on a pro rata basis.

### Section 5. Miscellaneous Provisions

**5.01.** **Vesting of property.** Any property of the estate **[choose one]** shall ☒ shall not ☐ revest in Debtor upon confirmation of the plan. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**5.02.** **Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code, the Bankruptcy Rules, and applicable nonbankruptcy law, the court's Local Bankruptcy Rules impose additional duties on Debtor, including without limitation, obtaining prior court authorization prior to transferring property or incurring additional debt, maintaining insurance, providing Trustee copies of tax returns, W-2 forms, 1099 forms, and quarterly financial information regarding Debtor's business or financial affairs, and providing Trustee not later than the 14 days after the filing of the case with the Domestic Support Obligation Checklist for each domestic support obligation and a Class 1 Worksheet and Authorization to Release Information for each Class 1 claim.

**5.03. Remedies upon default.** If Debtor defaults under this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If the court terminates the automatic stay to permit a Class 1 or 2 secured claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such secured claim and any portion of such secured claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7 unsecured claim subject to the timely filing of a proof of claim.

### Section 6. Additional Provisions

This plan is the court's standard plan form. Other than to insert text into designated spaces, expand tables to include additional claims, or change the title to indicate the date of the plan or that the plan is a modified plan, the preprinted text of this form has not been altered. In the event there is an alteration, it will be given no effect. The signatures below are certifications that the standard plan form has not been altered.

Despite the foregoing, as long as consistent with the Bankruptcy Code, Debtor may propose additional provisions that modify the preprinted text. All additional provisions shall be on a separate piece of paper appended at the end of this plan. Each additional provision shall be identified by a section number beginning with section 6.01and indicate which section(s) of the standard plan form have been modified.

Additional Provisions **[choose one]** are ☐ are not ☒ appended to this plan.

(Signature Page)

Dated: **February 24, 2015**               **/s/ Aristeo Rodriguez**
                                            **Aristeo Rodriguez**
                                            Debtor

                                            **/s/ Esther Alcantar**
                                            **Esther Alcantar**
                                             Joint debtor

Dated: **February 24, 2015**               **/s/ Rabin J. Pournazarian**
                                            **Rabin J. Pournazarian 186735**
                                            Debtor's Attorney